## (March 14, 1961)

■ ANNA D. GUARNERI, as Administratrix of the Estate of PETER GUARNERI, Deceased, Respondent, v. CITY OF NEW YORK, Appellant, and GRAMERCY CONSTRUCTION CORP. et al., Respondents, et al., Defendants. GRAMERCY CONSTRUCTION CORP., Third-Party Plaintiff, v. AMALGAMATED CORNICE AND ROOFING CO., INC., Third-Party Defendant.— Judgment so far as appealed from, reversed

on the law and on the facts and a new trial granted, with costs to appellant to abide the event. The verdict of the jury was contrary to the weight of the credible evidence on the issue of the claimed negligence of appellant. Moreover, the jury may have been confused by conflicting statements in the court's charge. A close factual question was presented as to whether the city's engineer had authorized or had knowledge that plaintiff and other employees of the subcontractor were using the attic space in which to store tools. The court first charged that, if the jury did not believe the testimony of the subcontractor's foreman that he was instructed or permitted by the city's engineer to place tools in the space, then they must find for the defendant; that if they found such an instruction or permission was given then they must decide whether the city should have permitted the use of the attic space. Subsequently, in response to plaintiff's request, the jury was charged that, whether or not instructions were given by the city's engineer, the jury should decide whether the latter "knowing the construction of that place, should have permitted it or not." Thereafter, in response to a request by the defendant, the court in effect restated the instructions as originally given. All of this must have left the jury in a confused state of mind. Upon the facts here presented, the jury should have been told that, if they found that the employees of the subcontractor were using the attic as a storage place with the knowledge of the city's engineer, then an issue was presented as to whether or not the city did not owe a duty either to warn of the danger presented or so to remedy the defects as to minimize the risk of falling through the ceiling to the floor below. Upon the new trial, the court's charge should present to the jury with greater clarity the physical situation that existed at the place of the accident. Concur — Stevens, Steuer and Bastow, JJ.; McNally, J. P., and Eager, J., concur in reversal but vote for dismissal of the complaint in the following memorandum by McNally, J. P.: I vote for reversal but would dismiss the complaint without prejudice. (Civ. Prac. Act, § 23.) Plaintiff-respondent's claim is that decedent stepped through a hatchway on the roof of a ferry slip at South Street, Borough of Manhattan, and fell through a ceiling a distance of approximately 38 feet to the floor below sustaining injuries which caused his death. There is no evidence in the record as to the cause of decedent's fall. Whether decedent failed to step on the plank located 2 feet below the hatchway, or whether the plank was dislodged, or whether decedent slipped is a matter of conjecture on which there is no evidence one way or the other. A large part of the record concerns itself with the construction of the ceiling which was composed of transite board, a brittle material having little or no tensile strength. Since the ceiling was located 8 feet below the hatchway and about 6 feet below the plank, its construction had no causal relation to the fall sustained by the decedent. The decedent might well, for all that appears, have met his death in a fall of 6 feet if the ceiling had remained in place and did not break. The construction of the ceiling is not relevant unless it affected the degree of care exercised by the decedent in his approach to and use of the plank. Since there is no evidence as to how the accident and fall occurred, it cannot be determined on this record whether or not the decedent's lack of knowledge of the construction of the ceiling affected the degree of care exercised by him. The ceiling was not a place of work nor an approach thereto and the defendant-appellant owed no duty to warn of its lack of tensile strength unless it had knowledge thereof and an unavoidable fall from the plank to the ceiling was reasonably foreseeable. The case was not tried on this theory and, accordingly, the motion to dismiss the complaint should have been granted without prejudice.